[No. 7,289.—Department One.]
B. FAYMONVILLE v. GEORGE McCOLLOUGH ET AL.

LIABILITY OF STOCKHOLDERS OF CORPORATIONS—MISJOINDER OF PARTIES—
MISJOINDER OF CAUSE OF ACTION.—In an action against the stockholders of a corporation, for their respective portions of the debts of a corporation:

*Held*, that an objection on the ground of a misjoinder of parties defendant, or on the ground that causes of action were improperly united—in the absence of special demurrer—could not be considered.

ID.—The obligations of stockholders to pay their respective proportions of debts of the corporation is direct and primary.

APPEAL from a judgment for the defendant in the Superior Court of Fresno County. HOLMES, J.

The complaint alleges (in each count) the existence of the corporation of which the defendants were stockholders, and that the defendants respectively owned certain shares of stock therein; and that the defendants were indebted to the plaintiff in a certain aggregate sum of money, in specified proportions, and prayed for judgment against the defendants for the aggregate sum. There was no allegation that the corporation was ever indebted to the plaintiff.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*H. S. Dixon,* for Appellant.

*E. C. Winchell,* for Respondent.

The COURT:

There was no demurrer to the complaint on the ground that there was a misjoinder of parties defendant, or that causes of action were improperly united. These objections to the complaint were, therefore, waived. The general demurrer ought not to have been sustained. The obligation of stockholders to pay their respective proportions of debts of the corporation, incurred while they are stockholders, is direct and primary (Constitution, Art. xi, § 3; C. C., § 322; *M. H. C. & M. Co.* v. *Woodbury,* 14 Cal. 266; *Prince* v. *Lynch,* 38 id. 528).

Judgment reversed and cause remanded, with direction to the Court below to overrule the demurrer.